## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RUDOLPH ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:25-cv-00118-JMB |
| | ) | |
| MISSOURI CLAYTON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Rudolph Atkins's application to proceed in the district court without prepaying fees or costs. The Court will grant the application. Additionally, the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

### The Complaint

Plaintiff brings this action on a civil rights complaint form under 42 U.S.C. § 1983 alleging constitutional violations arising out of his civil commitment at the Metropolitan St. Louis Psychiatric Center. In the caption of the case, plaintiff names as defendant "Missouri Clayton County;" in Section I.B. of the complaint, he names as defendant "Clayton County Sheriff." Based on contextual cues, the Court presumes plaintiff is intending to sue St. Louis County and the St. Louis County Sheriff.

As background, plaintiff has a criminal case pending in St. Louis County Circuit Court, *State v. Atkins*, No. 19SL-CR07175-01 (St. Louis County).[1] On October 24, 2023, the state court entered an order finding plaintiff lacked mental fitness to proceed, suspended the criminal proceedings, and committed plaintiff to the custody of the Director of the Department of Mental Health for care and treatment. The Court extended this order on April 30, 2024 and again on October 24, 2024. In the October 24, 2024 order, the state court ordered the head of plaintiff's facility to examine him again before April 24, 2025. A status conference is set in plaintiff's criminal action for June 27, 2025.

In his complaint, plaintiff claims the St. Louis County Sheriff has kept him hostage for five years without treatment. He states, "Clayton didn't deliver Mr. Atkins to the Department of Mental Health Kidnapping Hostage." ECF No. 1 at 4. For relief, he seeks $500,000.

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

**Discussion**

Although the Court is to construe plaintiff's complaint liberally on initial review, plaintiff's complaint does not contain any well-pleaded facts that demonstrate any plausible claims for relief against defendants. To the extent facts are alleged, these facts are contradicted by the state court record in plaintiff's criminal proceedings. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Because the Court finds plaintiff's complaint lacks an arguable basis in either law or fact and the allegations are clearly baseless, it will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that self-represented plaintiff Rudolph Atkins's application to proceed in district court without prepayment of fees and costs **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all plaintiff's motion to appoint counsel is **DENIED as moot.** [ECF No. 2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 14th day of March, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE